UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:15-cr-255-T-23TGW
          8:17-cv-423-T-23TGW

BOBBY MUHAMMAD

_____/

**O R D E R**

Muhammad's motion under 28 U.S.C. § 2255 to vacate (Doc. 1) challenges the validity of his convictions both of theft of government property and of aggravated identify theft, for which he is imprisoned for a total of ninety-four months. Muhammad's motion lacks merit because in the plea agreement he waived the right to assert the grounds in the motion to vacate.

**FACTS**[1]

> From at least in or around December 2011, through and including the present, the defendant, Bobby Muhammad, entered into a conspiracy and scheme to defraud the Internal Revenue Service ("IRS"), a bureau of the United States Department of the Treasury. As part of the scheme, Muhammad, aided and abetted by others, would obtain and possess the means of identification of third parties without their knowledge. Muhammad, aided and abetted by others, would electronically file and cause the filing of fraudulent federal income tax returns using the means of identification obtained from the identity theft victims, including their names, dates of birth, and social security numbers. Those tax returns would direct that fraudulent refunds be wired from the IRS to various reloadable debit cards obtained and used by Muhammad.

---

[1] This summary of the facts derives from the plea agreement (Doc. 35 at 17–21).

For example, H&R Block issued a reloadable debit card ending in "9614" in the name of Bobby Muhammad on January 29, 2013. The card was delivered to 3200 E. Comanche Drive, Tampa, Florida, an address associated with Muhammad and his family members, including his mother. Documents provided by H&R Block Bank show that fraudulently obtained tax refunds were loaded onto this card including the following:

• On January 30, 2013, a return in Muhammad's own name was filed claiming a refund that was directed to be loaded onto this card, but it was rejected by the IRS. The return claimed a refund in the amount of $4879. This return had the same characteristics of other returns associated with Williams and Muhammad, including same IP address, same employment information, same income amounts, and same refund amounts, among other things. The email address used to electronically file Muhammad's return was "freebricks1515@gmail.com," which is an email address used by Muhammad.

• On March 28, 2013, a fraudulent tax return was filed claiming a refund in the amount of $9377. The refund resulted from the electronic filing of a joint return using the names of L.F. (deceased) and E. S. (also deceased). This refund was loaded onto the H&R Block card ending "9614" on April 17, 2013. The Virginia office of Vital Statistics confirmed that L.F. died on January 7, 2013. E.S. died in Puerto Rico on January 14, 2013. This return was filed using the email address "Tiffany Williams11323@yahoo.com" and listed the address 11324 Bridge Pine Drive, Riverview, FL (Williams and Muhammad lived together at 11323 Bridge Pine Drive, used this neighboring address on multiple false returns, and Muhammad was arrested on this street in 2012.) **Counts Four and Eleven**[2]

• On June 15, 2013, a fraudulent tax return was filed using the names H.M. and A.M., resulting in a refund of $7217, which was loaded onto this card in Bobby Muhammad's name on or about July 17, 2013. H.M. died on April 24, 2012 and A.M. died April 16, 2012. This return [w]as filed from an IP address that is linked to numerous other fraudulent tax returns filed by

---

² Muhammad pleaded guilty to Counts Four and Eleven. The other thirteen counts were dismissed.

Tiffani Williams, as indicated by the email address associated with her online accounts.

• On March 28, 2013, a fraudulent tax return was filed using the names S.R. and R.R., resulting in a refund of $6935 being loaded onto the card on April 10, 2013. S.R. died on January 30, 2013, and R.R. died on February 1, 2013. This return was filed using an email address "Tommie1234@yahoo.com," which is an address associated with returns filed by Tiffani Williams. This return listed an address of 11337 Bridge Pine Drive, Riverview, FL. **Overt Act a.1, b.1; Counts Two, Nine**

• On April 13, 2013, a fraudulent tax return was filed using the names of M.R. and S. R., resulting in a refund of $7019 being loaded onto the card on May 1, 2013. M.R. died on February 24, 2013, and S.R. died on January 1, 2013.

In total, approximately $30,548.22 of tax refunds were loaded onto this card in the defendant's name resulting from the filing of fourteen fraudulent refunds. Eleven of the false refunds, including the four listed above, were filed in the names of deceased individuals. This card was primarily used to withdraw funds from ATMs, including:

• ATM transactions at Sun Trust in Brandon, FL, on April 10, 2013, for three consecutive withdrawals of $800 each or $2400 total.

• ATM transactions on April 11, 2013, at the same Sun Trust for three consecutive withdrawals of $800 each for a total of $2400.

• ATM transactions at a Sun Trust ATM at the Orlando Prime Outlets on April 17, 2013, for four consecutive withdrawals of $800 for three and $400 for the fourth, for a total of $2800.

• ATM withdrawals at Summerfield Cross terminal station in Riverview, FL, on April 18, 2013, for three consecutive withdrawals of $800 for a total of $2400.

Each time funds were loaded onto the card, Muhammad or those working with him would make ATM withdrawals at the

> same ATM locations in a manner consistent with individuals trying to rapidly extract the proceeds of the fraud.
>
> Agents reviewed the transaction history for the H&R Block reloadable debit card ending in "9614" issued in the name of Bobby Muhammad. Among other things, agents observed a charge from "Archives.com," which is an affiliated company of "Ancestry.com." These websites provide information on deceased individuals, including personally identifiable information or that Muhammad and his coconspirators used to file fraudulent federal income tax returns. Records produced by "Ancestry.com" show that the charge on the H&R Block Card in Muhammad's name was associated with the establishment of an account on or about June 6, 2013, in the name of Bobby Muhammad using email address "freebricks1515@gmail.com," which is an email address known to be used by Muhammad and associated with numerous false federal income tax returns that were filed in this conspiracy.
>
> Investigators determined that Muhammad and his conspirators filed fraudulent federal income tax returns using the stolen identities of over 400 individuals to make claims for refunds totaling approximately $3,089,219.

## **GROUNDS**

Muhammad alleges three grounds of ineffective assistance of counsel, specifically, that counsel failed to object to paragraphs twenty-one (intended loss) and twenty-two (actual loss) and that counsel failed to object to the district court's not ruling on Muhammad's objection to paragraph twenty-one (intended loss). Muhammad's conviction is based on a negotiated plea. Muhammad recognizes that, under the terms of the plea agreement, he "waived his right to appeal his sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines." (Doc. 2 at 17) (Plea Agreement, Doc. 35 at 15)

The guidelines produced an offense level of 23 and a criminal history category V, which establishes a sentencing range of 84–105 months. The district court varied downward

one category because "the defendant has not been previously in custody for more than 184 days." The district court imposed a low-end sentence of seventy months.[3] Because the resulting sentence is neither an upward departure nor above the statutorily authorized maximum sentence, Muhammad's waiver of the right to challenge the guidelines sentence is controlling and the appeal waiver precludes Muhammad's ineffective assistance of counsel claims, as *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), explains:

> [A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

*See also United States v. Wilson*, 445 Fed. App'x 203, 208–09 (11th Cir. 2011) (enforcing the appeal waiver in a plea agreement and applying *Wilson* to dismiss the appeal of a claim of ineffective assistance of counsel at sentencing).

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Muhammad and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Muhammad is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district

---

[3] Muhammad serves a total of ninety-four months because of the mandatory consecutive sentence of twenty-four months for Count Eleven.

court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Muhammad must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Muhammad is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Muhammad must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 1, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE